J-S77035-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EVAN JORDAN, | : | |
| | : | |
| Appellant | : | No. 267 EDA 2017 |

Appeal from the Judgment of Sentence December 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010554-2012

BEFORE:   OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:           **FILED FEBRUARY 13, 2019**

Evan Jordan (Appellant) appeals from his December 15, 2016 judgment of sentence after he pleaded guilty to possession with intent to deliver (PWID), possession of instrument of crime, and two firearms violations.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

We glean the following facts from the record.  The incident giving rise to the aforementioned charges occurred on August 16, 2012.  After observing a vehicle run a red light, Officer Joseph Luce and his partner stopped the vehicle.  Officer Luce asked Appellant, who was driving, for identification and paperwork.  Appellant presented what turned out to be a false ID and registration.  There were two other passengers inside the car. Officer Luce noticed the smell of burnt marijuana, and that Appellant kept

*Retired Senior Judge assigned to the Superior Court.

leaning over the vehicle's center console. Officer Luce told Appellant two or three times to remove his arm from the console, but Appellant refused. Officer Luce tried to remove Appellant's arm from the console, and Appellant attempted to exit the car and flee. Two back-up officers had since arrived on the scene and prevented Appellant from fleeing. Officer Luce opened the console and found a semi-automatic handgun. Appellant was handcuffed and the K9 unit was called. The K9 dog, Brix, gave a positive indication for narcotics in the vehicle. After obtaining a search warrant, a search of the vehicle recovered cocaine. Appellant did not have a valid permit for the firearm.

Appellant moved to suppress the search warrant and physical evidence, and a hearing was held on May 2, 2016.[1] The trial judge took the matter under advisement, and denied the motion on May 6, 2016. That same day, Appellant entered a non-negotiated guilty plea to the aforementioned charges.[2] On December 15, 2016, Appellant was sentenced

---

[1] It appears the nearly four-year delay resulted primarily from Officer Luce being injured on duty (IOD) in May 2013, as well as Appellant subsequently being shot in the stomach and unable to appear at several listings. **See** N.T., 5/2/2016, at 25; N.T., 12/15/2016, at 31-32, 37, 55-56.

[2] An additional charge of possession of a controlled substance was *nolle prossed*.

to an aggregate term of 4½ to 11 years of incarceration.[3]  Appellant timely filed a post-sentence motion seeking withdrawal of his guilty plea and reconsideration of his sentence, which the trial court denied on January 4, 2017.  Appellant timely filed *pro se* a notice of appeal.[4]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, counsel has filed both an **Anders** brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to

---

[3] Specifically, Appellant was sentenced to 1½ to 5 years of incarceration on the PWID conviction, and 3 to 6 years of incarceration on the firearms not to be carried without a license conviction, to be served consecutively.  No further penalty was imposed for the convictions of possession of instrument of crime and carrying firearms on public streets or public property in Philadelphia.  N.T., 12/15/2016, at 49; **see also** Trial Court Opinion, 6/29/2017, at 1.

[4] It is unclear from the record whether Appellant's plea counsel obtained leave to withdraw as counsel.  In any event, on January 24, 2017, the trial court appointed Attorney David W. Barrish to represent Appellant in his appeal.

withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the **Anders** brief:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. Super. 2009).

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. Appellant filed a response, claiming a speedy-trial violation and challenging the denial of his suppression motion. Response, 8/6/2018.[5] We now have the responsibility "'to make a full

---

[5] On March 29, 2018, Appellant's counsel filed an **Anders** brief, but not a corresponding petition to withdraw. On June 25, 2018, this Court directed
*(Footnote Continued Next Page)*

examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Flowers***, 113 A.3d at 1249 (quoting ***Santiago***, 978 A.2d at 354 n.5).

The issues arguably supporting an appeal cited by Appellant's counsel are whether the trial court erred in not allowing Appellant to withdraw his guilty plea, and in sentencing Appellant to 4½ to 11 years of incarceration, which is in the standard range of the sentencing guidelines. ***Anders*** Brief at 15-18.

The first issue challenges the court's denial of Appellant's post-sentence motion to withdraw his guilty plea. ***Anders*** Brief at 5-10, 15-17. We summarized the principles governing post-sentence motions to withdraw pleas as follows.

> Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that

*(Footnote Continued)* ───────────

counsel to file said petition. On August 6, 2018, Appellant filed *pro se* "Appellant's Response to Counsels' [*sic*] Failure to File a Petition to Withdraw as Counsel and Extraordinary Relief," wherein he raised the speedy-trial violation and challenged the denial of his suppression motion. On August 14, 2018, this Court directed Appellant's counsel to comply with its June 25, 2018 order, which directed counsel to file a petition to withdraw. The August 14, 2018 order permitted Appellant to file a response to counsel's petition to withdraw and ***Anders*** brief within 45 days of the filing date of counsel's petition to withdraw. Counsel filed his petition to withdraw the next day, on August 15, 2018. Appellant did not file a response thereafter. Nonetheless, because we are required conduct a "full examination of the proceedings," we address Appellant's claims, *infra*. ***See Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015).

> manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.

*Commonwealth v. Kehr*, 180 A.3d 754, 756–57 (Pa. Super. 2018) (quoting *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009)).

> This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence."

*Commonwealth v. Jabbie*, ___ A.3d ___, 2018 WL 6332328 (Pa. Super. Dec. 5, 2018) (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) and citing Pa.R.Crim.P. 590, cmt.). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Kehr*, 180 A.3d at 757 (citation omitted).

In the *Anders* brief, counsel fails to articulate in what manner the denial of Appellant's post-sentence motion to withdraw his guilty plea arguably resulted in manifest injustice. However, our review of the record

discloses Appellant completed extensive guilty plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy.[6] **See** N.T., 5/6/2016, at 6-10; Written Colloquy for Plea of Guilty, 5/6/2016. Accordingly, this challenge affords Appellant no relief.

The second issue challenges the court's denial of Appellant's post-sentence motion to reconsider his sentence. **Anders** Brief at 10-11, 17-18. This implicates the discretionary aspects of his sentence. In a challenge to the discretionary aspects of sentencing, we consider the issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

---

[6] The record also reveals that prior to sentencing, in light of Appellant's recent drug conviction in Montgomery County, the court "offered [Appellant] the opportunity to withdraw his plea if he wanted to." N.T., 12/15/2016, at 32. Appellant confirmed on the record that he had discussed this with his attorney and declined to do so. **Id.** at 32-33.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant filed a timely notice of appeal and preserved this issue in his post-sentence motion. The ***Anders*** brief does not include a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). The Commonwealth, however, failed to object to the absence of a Rule 2119(f) statement. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." ***Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa. Super. 2006) (quoting ***Commonwealth v. Bonds***, 890 A.2d 414, 418 (Pa. Super. 2005)). Because the Commonwealth did not object, and because the issue is raised

in an **Anders** brief, we will address this claim. **See id.; see also Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (noting "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement").

We must next determine whether Appellant's claim raises a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In the **Anders** brief, counsel fails to articulate in what manner Appellant's sentence was arguably manifestly unreasonable. Despite this deficiency, **Anders** requires that we examine the merits of Appellant's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. **See Commonwealth v. Wilson**, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing raised in an **Anders** brief must be addressed on appeal, despite procedural violations).

"In **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (citations omitted), this Court explained that '[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines.'" **Commonwealth v. Yeomans**, 24 A.3d 1044, 1049 (Pa. Super. 2011). Because Appellant's sentence falls within the standard range of sentencing guidelines for all of his convictions, **see Anders** Brief at 17-18, he has not presented a substantial question for our review.

Even if Appellant did raise a substantial question, he would not be entitled to relief. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citing **Commonwealth v. Malovich**, 903 A.2d 1247 (Pa. Super. 2006)). Further, "[w]here pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Antidormi**, 84 A.3d at 761 (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

At sentencing, the trial court heard testimony from one Commonwealth witness, two defense witnesses, and Appellant. The record indicates the court considered Appellant's support of his 11 children, his entrepreneurial skills with his clothing line business, his 18 months of time served in prison in the instant case, his continued sale of cocaine during the pendency of the instant case, his recent negotiated guilty plea in a felony drug case in Montgomery County, and his recent arrest for driving under the influence. N.T., 12/15/2016, at 34, 46-53, 57-58. Further, the trial court considered the sentencing guidelines, and Appellant's sentence of 4½ to 11 years of incarceration is well within the standard range. *Id.* at 4-5 (stating the standard range of sentencing guidelines for Appellant's convictions with Appellant's prior record score of 3, and offense gravity scores of 9, 8, 5, and 4 for convictions of firearms not to be carried without a license, PWID, carrying firearms on public streets or public property in Philadelphia, and possession of instrument of crime, respectively); *see also Anders* Brief at 17-18 (same). Additionally, the trial court had the benefit of a pre-sentence investigation report and the Commonwealth's memorandum of law recommending to the court 6 to 12 years of incarceration, which is more than what the sentencing court imposed. N.T., 12/15/2016, at 4. Based on the foregoing, we agree with counsel that Appellant has failed to demonstrate that "the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at

a manifestly unreasonable decision." ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)).

Finally, in Appellant's August 6, 2018 response to counsel's ***Anders*** brief, he raised additional claims of error, contending that the trial court erred in denying both his Pa.R.Crim.P. 600 and suppression motions. However, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). Thus, Appellant has waived these claims and he is not entitled to relief.

Accordingly, we agree that challenges to Appellant's guilty plea and the discretionary aspects of his sentence are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/13/19